**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **CAROLE SCHUTTE,** | : | CASE NO: 3:23-cv-192 |
| Plaintiff, | : | JUDGE _____ |
| v. | : | **PLAINTIFF'S COMPLAINT AND JURY DEMAND** |
| **PREMIER HEALTH PARTNERS,** | : | |
| Defendant. | : | |

COMES NOW Plaintiff Carole Schutte ("Plaintiff"), by and through her undersigned legal counsel, and for her Complaint against Defendant Premier Health Partners ("Defendant") alleges as follows:

### PARTIES AND JURISDICTION

1. Plaintiff Carole Schutte is a resident of this judicial district and was formerly employed by Defendant Premier Health Partners.

2. Defendant Premier Health Partners is an Ohio Non-Profit Corporation that has its principal office in Dayton, Ohio. Defendant owns and operates the Atrium Medical Center ("Atrium") in Middletown, Ohio.

3. This Court has jurisdiction over Plaintiff's Complaint because she is asserting claims under Title VII of the Civil Rights Act of 1964.

4. Venue is proper pursuant to 28 U.S.C. § 1391 because Plaintiff was employed in this judicial district and a substantial part of the actions giving rise to the claims occurred in this judicial district.

## STATEMENT OF FACTS

5. In August of 2021, Plaintiff became employed by Defendant as a Licensed Nurse Practitioner, through a staffing agency called Fusion Medical Staffing ("Fusion").

6. During her employment with Defendant, Plaintiff worked at the Atrium location.

7. Plaintiff never received any reprimands or negative performance reviews from Defendant.

8. Defendant renewed Plaintiff's assignment twice, each time Defendant renewed her assignment it gave her a pay raise.

9. During her employment, Plaintiff briefly had a relationship with another employee, Anthony Thompson.

10. Plaintiff ended this relationship on January 27, 2022, after which Thompson began an onslaught of verbal and physical harassment and abuse of Plaintiff because she was no longer accepting of his sexual attention.

11. Thompson's behavior frightened Plaintiff, as among other things he would repeatedly corner her while she was working at the Atrium.

12. On at least one occasion, Thompson forcefully grabbed Plaintiff in the crotch area.

13. Plaintiff reported Thompson's harassment to her team lead on March 27, 2022, and was told to report it to Defendant's Human Resources Department.

14. On March 29, 2022, Plaintiff submitted a report to Defendant's Human Resources Department.

15. Plaintiff was informed that an investigation would take place, and that Thompson would be suspended for the duration of the investigation.

16. On March 31, 2022, Plaintiff received a voicemail from her supervisor indicating that the investigation of Thompson was complete, and that some action had been taken.

17. Plaintiff was not informed of the action taken, but on April 8, 2022, she discovered to her great dismay that Thompson was still employed at the Atrium.

18. On April 13, Thompson began again harassing Plaintiff.

19. He deliberately followed Plaintiff from the parking lot into the Atrium on April 13, 2022.

20. Later that same day he menacingly stared at Plaintiff at length, surveilling her as she left the Atrium at the end of her shift.

21. Plaintiff was extremely distressed by these behaviors, particularly so given the fact that Thompson's harassment and abuse of her had already been made known to Defendant.

22. Plaintiff felt completely unprotected and unsafe at work, and immediately reported this to Fusion.

23. Plaintiff tried to contact Defendant's Human Resources Department on April 14, 2022, but was forced to leave a voicemail.

24. Plaintiff was understandably traumatized at this time, and expressed in this voicemail her anguish that Defendant was allowing her harasser to continue to torment her.

25. Rather than address this report of Thompson's continued harassment, and to attempt to protect its employee from him, Defendant chose to terminate Plaintiff's assignment on April 14, 2022.

## CAUSES OF ACTION

### Count I: Violation of Title VII
### Sexual Harassment- Hostile Work Environment

26. Plaintiff restates and incorporates by reference herein the allegations in the preceding paragraphs.

27. At all times relevant, Defendant was an "employer" covered by Title VII.

28. Defendant's actions, as hereinabove described, created an intimidating, hostile, and offensive working environment for Plaintiff based on her sex, in violation of Title VII of the Civil Rights Act of 1964.

29. As a result of Defendant's intentional violation of Title VII, Plaintiff has suffered damages in the form of lost wages and benefits, mental anguish, emotional distress, and attorneys' fees and costs.

### Count II: Violation of Title VII
### Retaliation

30. Plaintiff restates and incorporates by reference herein the allegations in the preceding paragraphs.

31. Title VII prohibits discriminating against an employee for opposing what she reasonably believes to be unlawful discrimination or harassment.

32. Plaintiff's reports of Thompson's harassment were protected activity under Title VII, and Defendant was not permitted to retaliate against her for this protected activity.

33. Defendant's termination of Plaintiff's assignment on April 14, 2022, was in retaliation for her opposition to the unlawful harassment she endured during her employment with Defendant, and was therefore in violation of Title VII of the Civil Rights Act of 1964.

34. As a result of Defendant's intentional violation of Title VII, Plaintiff has suffered damages in the form of lost wages, mental anguish, emotional distress, and attorneys' fees and costs.

35. Plaintiff previously filed a Charge of Discrimination with the Equal Employment Opportunity Commission, and received a Notice of Right to Sue on said Charge within 90 days of filing this action.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

1. Compensation for all wages lost as a result of Plaintiff's termination from her assignment with Defendant;

2. Compensatory and punitive damages in amounts to be determined at trial;

3. An award of reasonable attorneys' fees and costs;

4. All other and further relief, in law or equity, that this Court may deem appropriate and just.

*/s/ Stephen E. Imm*
Stephen E. Imm (0040068)
Matthew S. Okiishi (0096706)
FINNEY LAW FIRM, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, OH 45245
(513) 943-5678
(513) 943-6669-fax
stephen@finneylawfirm.com
*Attorney for Plaintiff*

### JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

*/s/ Stephen E. Imm*
Stephen E. Imm (0040068)