UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CAROLE SCHUTTE,

    Plaintiff,

vs.

PREMIER HEALTH PARTNERS,

    Defendant.

Case No. 3:23-cv-192

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvan, Jr.
(mediation referral)

---

**ORDER: (1) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 26); (2) DENYING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S DECLARATION (Doc. No. 36 at PageID 396 IN PART); (3) REFERRING THE CASE TO MAGISTRATE JUDGE PETER B. SILVAIN, JR. FOR THE PURPOSE OF HOLDING ONE OR MORE MEDIATION CONFERENCES; AND (4) REQUIRING THE PARTIES TO PARTICIPATE IN GOOD FAITH IN THE MEDIATION CONFERENCE(S)**

---

Plaintiff Carole Schutte ("Schutte") alleges that Defendant Premier Health Partners ("PHP"), an owner and operator of Atrium Medical Center ("AMC") located in Middletown, Ohio, created a hostile work environment and retaliated against her in violation of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e, *et seq*, and Ohio law. Doc. No. 11. Schutte also alleges she is entitled to compensatory and punitive damages under Title VII and Ohio law. *Id.* at PageID 37. This civil case is before the Court on PHP's motion for summary judgment. Doc. No. 26. Schutte responded (Doc. No. 34), PHP replied (Doc. No. 36), and Schutte sur-replied[1] (Doc. No. 37-1). Thus, the motion is ripe for review.

              **I.    STANDARD OF REVIEW**

A motion for summary judgment should be granted if the evidence submitted to the Court

---

[1] The Court previously granted Schutte's motion for leave to file a sur-reply in opposition to PHP's motion for summary judgment. *See* Doc. No. 40-1.

demonstrates that no genuine issue of material fact is present, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The burden is on the moving party to conclusively show no genuine issue of material fact exists. *Celotex*, 477 U.S. at 323; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *See* Fed. R. Civ. P. 56(c)(1)(A) and (B).

A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, "[t]he non-moving party … may not rest upon [its] mere allegations or denials of the adverse party's pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial." *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009) (citations omitted). "[T]here is no duty imposed upon the trial court to 'search the entire record to establish that it is bereft of a genuine issue of material fact.'" *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992) (citations omitted). Instead, "the free-ranging search for supporting facts is a task for which attorneys in the case are equipped and for which courts generally are not." *Id.* at 406.

## II. ANALYSIS

The Court, after fully and carefully reviewing the record, finds there are genuine disputes of material fact regarding all claims that cannot be resolved on summary judgment. The Court

2

shall not enter "the jury box to consider the credibility of witnesses and evidence in resolving conflicts of material fact in disposing of the summary judgment motion[s]" here, considering that the jury has the best vantage point to decide these issues. *Flynt v. Brownfield, Bowen & Bally*, 882 F.2d 1048, 1053 (6th Cir. 1989) (Krupansky, J., dissenting). Among other disputed facts, a genuine dispute exists concerning PHP and Schutte's employment relationship. *See Sanford v. Main St. Baptist Church Manor, Inc.*, 449 F. App'x 488, 491 (6th Cir. 2011) ("'Employment status is a mixed question of law and fact'" (quoting *Lilley v. BTM Corp.*, 958 F.2d 746, 750 n.1 (6th Cir. 1992))); *Williams v. City of Columbus*, 892 F. Supp. 2d 918, 929-31 (S.D. Ohio 2012) (genuine dispute of facts concerning whether defendant was plaintiff's joint employer barred summary judgment); *Dunlap v. United Outstanding Physicians, PLLC*, Case No. 15-cv-14022, 2017 WL 395237, at *3-4 (E.D. Mich. Jan. 30, 2017) (declining to grant summary judgment in defendants' favor because reasonable jurors could disagree on whether defendants were joint employers and defendants failed to demonstrate that there was no genuine issue of fact regarding the numerosity requirement). PHP is thus not entitled to judgment as a matter of law.[23]

---

[2] In her opposition memorandum, Schutte requests to amend her First Amended Complaint to add AMC as a party if the Court finds that AMC is her only employer. Doc. No. 34 at PageID 366-67. The Court does not reach this issue.

[3] In PHP's reply memorandum in support of its motion for summary judgment, it moves to strike Schutte's declaration (Doc. No. 30 at PageID 247-48) "to the extent she is now using it to claim that she was employed by [PHP]" (Doc. No. 36 at PageID 396). PHP argues that Schutte's declaration should be stricken because it contradicts her previous sworn testimony. *Id.* In deciding whether to admit a post-deposition declaration for summary judgment purposes, a district court should first "determine whether the affidavit directly contradicts the nonmoving party's prior sworn testimony." *Aerel, S.R.L. v. PCC Airfoils, L.L.C.*, 448 F.3d 899, 908 (6th Cir. 2006). The Sixth Circuit narrowly defines the term "direct contradiction." *Briggs v. Potter*, 463 F.3d 507, 513 (6th Cir. 2006). "Statements are not directly contradictory if they can be simultaneously true." *Francis v. ProMedica Health Sys., Inc.*, 601 F. Supp. 3d 258, 262-63 (N.D. Ohio 2022) (citing *S.L. by & through K.L. v. Pierce Twp. Bd. of Trs.*, No. 1:07-cv-986, 2011 WL 13242965, at *4 (S.D. Ohio)). The Court does not find that Schutte's declaration directly contradicts her previous sworn testimony. *See* Doc. No. 30 at PageID 247; Doc. No. 21 at PageID 90*; see also Aerel, S.R.L.*, 448 F.3d at 908-09. Accordingly, PHP's motion to strike is **DENIED**.

### III. CONCLUSION

Accordingly, the Court **DENIES** PHP's motion for summary judgment. Doc. No. 26. The Court also **DENIES** PHP's motion to strike Schutte's Declaration. Doc. No. 36 at PageID 396. Pursuant to 28 U.S.C. § 636(c) and S.D. Ohio Civ. R. 16.3(a)(1), this case is hereby **REFERRED** to Magistrate Judge Peter B. Silvain, Jr. for one or more mediation conferences. The Court **ORDERS** the parties to participate in good faith in the mediation conference(s). The date for the mediation conference(s) shall be arranged directly with Judge Silvain. Trial, if needed, shall be scheduled thereafter.

**IT IS SO ORDERED.**

September 8, 2025　　　　　　　　　　　　　　s/*Michael J. Newman*
　　　　　　　　　　　　　　　　　　　　　　Hon. Michael J. Newman
　　　　　　　　　　　　　　　　　　　　　　United States District Judge